RECEIPT # _____
AMOUNT $ 150.
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE ___

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF MASSACHUSETTS

Case No:

| | |
|---|---|
| AMY ANAGNOS and THE ESTATE OF THEODORE ANAGNOS, DECEASED<br><br>Plaintiffs,<br><br>v<br><br>THOMAS HULTGREN, in his official and personal capacities,<br>CHRISTOPHER FINNERAL, in his personal and official capacities,<br>OFFICER JOHN DOE, in his personal and official capacities, and<br>THE CITY OF LOWELL, MASSACHUSETTS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

04- _____ JLT

MAGISTRATE JUDGE _____

ROLAND L. MILLIARD
Counsel for plaintiffs
1470 Lakeview Avenue, Unit 5
Dracut, MA  01826
978-957-6799

DANIEL S. SHARP, PC
Co-counsel for plaintiffs
48 Locust Street
Marblehead, MA  01945
781-639-1862

Attorney Christine O'Connor
City Solicitor
City Hall, Law Department
375 Merrimack Street, RM. 51
Lowell, MA  01852-5986
978-970-4050

COMPLAINT AND DEMAND
FOR TRIAL BY JURY

The plaintiffs, Amy Anagnos and the Estate of Theodore Anagnos, deceased appear through their counsel and state the following complaint.

JURISDICTION

1. This action is brought pursuant to 42 USC Sections 1983, 1988 and the Fourteenth Amendment.  Jurisdiction is based upon 28 USC Section 1331 and 1343(1), (3), (4) and the aforementioned statutory and constitutional provisions.

Roland L. Milliard
Pilgrim Place
140 Lakeview Ave.
Suite 5
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322

operating in an unmarked motor vehicle.

11. While engaging in the surveillance, Defendants Hultgren and Finneral approached individuals engaged in what they later alleged to be an illegal narcotics transaction.

12. The defendants did not have probable cause to arrest any of the individuals described in paragraph #11, above.

13. The defendants did not a reasonable suspicion upon which to stop and frisk any of the individuals described in paragraph #11, above.

14. Non-defendant Thomas Zazarra (one of persons described in paragraph #11, above), did not possess any contraband substances or objects and had broken no law proximate to the high speed chase that would ensue.

15. Thomas Zazarra entered his vehicle and departed the scene upon noticing the defendants' approach.

16. Defendants-Hultgren and Finneral engaged in a high speed pursuit of Zazarra through residential neighborhoods in Lowell, including Willard Street.

17. Zazarra was well-known to the Lowell Police Department.

18. Zazarra could have been located and arrested by the Lowell Police Department without engaging in a high speed chase.

19. Defendants Hultgren and Finneral did not consider alternatives to a high speed pursuit.

20. During the high speed pursuit, the defendants were in an unmarked vehicle with a small beacon-type light and no siren.

21. At times, the speed of the chase exceeded 70 miles per hour in residential areas where the speed limit was never greater than 35 miles per hour, and was sometimes less.

22. Some of the roads upon which the high speed pursuit took place were narrow and winding.

23. The high speed pursuit took place in an area in Lowell where Defendants Hultgren and Finneral knew or should have known that there would be pedestrians about.

24. The high speed pursuit took place at a time of day, approximately 1:20PM, when Defendants Hultgren and Finneral knew or should have known that there would be pedestrians about.

Roland L. Milliard
Pilgrim Place
140 Lakeview Ave.
Suite 5
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322

25. Defendants Hultgren and Finneral had sufficient knowledge of Zazarra that they knew or should have known that he would drive dangerously and endanger pedestrians during a high speed pursuit.

26. On information and belief, senior officers directed Defendants Hultgren and Finneral to break off the high speed pursuit. The defendants did not do so.

27. In the alternative to paragraph #26, Officer John Doe had a supervisory responsibility to order Hultgren and Finneral to break off the high speed chase but failed to do so, thereby contributing to the danger posed to the citizenry by Defendants Hultgren and Finneral.

28. At the time of the events described above, Theodore Anagnos was taking his usual daily jog on Willard Street in Lowell.

## COUNT I
## WRONGFUL DEATH UNDER STATE LAW

29. The plaintiffs incorporate by reference the preceding paragraphs of the complaint and state further as follows.

30. During the high speed pursuit, non-party Zazarra failed to stop at a marked intersection and struck Theodore Anagnos.

31. Zazarra's high-speed collision with Theodore Anagnos was caused, at least in part, by the defendants, who were chasing Zazarra at a high rate of speed in an unmarked vehicle and with no siren.

32. Zazarra's high-speed collision with Theodore Anagnos was caused, at least in part, by Officer John Doe, who failed to instruct the defendants to break off the chase at a high rate of speed in an unmarked vehicle and with no siren.

33. As a direct and proximate result of the defendants' negligence, Theodore Anagnos died on or about July 31, 2001.

34. Plaintiff Amy Anagnos brings this action for the wrongful death of Theodore Anagnos for the benefit of his next of kin pursuant to G.L.c. 229, Section 2.

## COUNT II
## CONSCIOUS PAIN AND SUFFERING
## UNDER STATE LAW

35. The plaintiffs incorporate by reference the preceding paragraphs of the complaint and state further as follows.

Roland L. Milliard
Pilgrim Place
140 Lakeview Ave.
Suite 5
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322

36. The high speed chase ended moments after Zazarra's car struck Theodore Anagnos.

37. The defendants did not immediately call for medical assistance for Mr. Anagnos.

38. The defendants unreasonably delayed in providing or obtaining assistance to Mr. Anagnos.

39. As a result of the defendants' negligence, Anagnos was caused to suffer continued and severe pain, and to suffer anguish over his deteriorating condition, from the moment of the collision until his death.

## COUNT III
## NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CAUSED BY DEFENDANT-OFFICERS UNDER STATE LAW

40. The plaintiffs incorporate by reference the preceding paragraphs of the complaint and state further as follows.

41. The high speed chase, in an unmarked vehicle through a residential area, with no siren, violated ordinary standards of care for persons similarly situated.

42. On information and belief, the high speed chase, in an unmarked vehicle through a residential area, with no siren, violated the standards of the Lowell Police Department for such actions. The allegations of this paragraph are expected to gain evidentiary support during the course of discovery.

43. As a proximate cause of the defendants' negligence, Theodore Anagnos suffered extreme pain, conscious suffering, and death.

44. As a proximate cause of the defendants' negligence, Plaintiff Amy Anagnos suffered the untimely end of her relationship with her spouse with the corresponding loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and was forced to incur funeral and burial expenses.

45. As a proximate cause of the defendants' negligence, Plaintiff Amy Anagnos suffered extreme emotional distress manifested by physical symptoms and hospitalization and was forced to incur medical and counseling expenses.

## COUNT IV
## NEGLIGENT HIRING, RETENTION AND TRAINING BY DEFENDANT-CITY OF LOWELL UNDER STATE LAW

Roland L. Milliard
Pilgrim Place
140 Lakeview Ave.
Suite 5
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322

46. The plaintiffs incorporate by reference the preceding paragraphs of the complaint and state further as follows.

47. The City of Lowell has a duty to establish standards and procedures to provide for the safety of civilian personnel while conducting high speed chases in residential neighborhoods.

48. On information and belief, the City of Lowell failed to establish adequate policies for the safety of bystanders in high speed chases in residential neighborhoods.

49. On information and belief, the City of Lowell failed to adequately train, supervise and establish standards for the Police Department and its personnel with respect to high speed chases through residential neighborhoods.

50. On information and belief, the Defendant City of Lowell failed to adequately train its police officers in whether and when to initiate, and whether and when to continue, a high speed chase.

51. Those individuals responsible for the training of police officers in the City of Lowell failed to provide the training and guidance that a reasonable person similarly situated would provide.

52. On information and belief, superior officers responsible for monitoring the initiation and continuation of a high speed chase failed to exercise reasonable care in the instance of the Zazarra chase.

53. On information and belief, superior officers and the City Administrator responsible for the hiring and retention of police officers within the City of Lowell failed to exercise reasonable care in the selection and retention of Defendants Hultgren and Finneral.

54. The allegations of this count of the Complaint are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

55. As a proximate cause of the defendants' negligence Theodore Anagnos suffered extreme pain, conscious suffering, and death.

56. As a proximate cause of the defendants' negligence, Plaintiff Amy Anagnos suffered the untimely end of her relationship with her spouse with the corresponding loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and was forced to incur funeral and burial expenses, and suffered extreme emotional distress.

Roland L. Milliard
Pilgrim Place
140 Lakeview Ave.
Suite 5
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322

## COUNT V
## VIOLATION OF THE FOURTEENTH AMENDMENT
## BY DEFENDANTS-HULTGREN, FINNERAL,
## AND THE CITY OF LOWELL

57. The plaintiffs incorporate by reference the preceding paragraphs of the complaint and state further as follows.

58. The City knew or had to have known to a moral certainty that its police officers would repeatedly be confronted with circumstances where a high speed chase might ensue.

59. On information and belief, the City of Lowell adopted a policy or custom of permitting and encouraging its police officers to engage in high speed chases that the City knew would endanger the lives of its residents and citizens. The allegations of this paragraph are expected to gain evidentiary support during the course of discovery.

60. The City exhibited an extreme, arbitrary, and conscious-shocking disregard for the safety of its residents and citizens.

61. Defendants Hultgren and Finneral and Doe showed deliberate, reckless, and callous indifference toward the safety of pedestrians and residents of Lowell -- and engaged in behavior that was shocking to the conscience -- when they engaged in an unnecessary high speed chase, without probable cause or even reasonable suspicion for initiated such a chase, in an unmarked vehicle, without lights or sirens, on a narrow, winding road in a residential area, reaching speeds of 70 miles per hour.

62. On information and belief, Defendants Hultgren and Finneral intended that the high speed chase would result in death or seriously bodily injury to Zazarra or to another citizen or resident of the Defendant City. The allegations of this paragraph are expected to gain evidentiary support during the course of discovery.

63. As a proximate cause of the defendants' conscious-shocking behavior, Theodore Anagnos suffered extreme pain, conscious suffering, and death.

64. As a proximate cause of the defendants' conscious-shocking behavior, Plaintiff-Amy Anagnos suffered the untimely end of her relationship with her spouse with the corresponding loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and was forced to incur funeral and burial expenses, and suffered extreme emotional distress.

## DEMAND FOR TRIAL BY JURY

65. The plaintiffs demand that this case be tried before a jury.

Roland L. Milliard
Pilgrim Place
140 Lakeview Ave.
Suite 5
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322

## RELIEF REQUESTED

WHEREFORE, Plaintiffs requests that the trier of fact award:

1) Against Defendants Hultgren, Finneral, and Doe, under Section 1983, compensatory and emotional distress damages for the injuries described above;
2) Against Defendant City of Lowell, compensatory and emotional distress damages for the injuries described above under state law and under Section 1983;
3) Punitive damages against Defendants Hultgren, Finneral, and Doe under Section 1983;
4) Joint and several liability for compensatory and emotional distress damages against all defendants;
5) Pre-judgment interest against all defendants under Section 1983;
6) Costs and attorney's fees pursuant to 42 USC Section 1988; and
7) Such other relief as may be just and equitable under the circumstances.

Respectfully Submitted,

July 13, 2004

DANIEL S. SHARP, PC
Daniel S. Sharp (BBO 565524)
Attorney for Plaintiffs
196 Atlantic Avenue
Marblehead, MA 01945
781-639-1862

ROLAND L. MILLIARD
Roland L. Milliard (BBO 559361)
Counsel for plaintiffs
1470 Lakeview Avenue, Unit 5
Dracut, MA 01826
(978) 957-6799

Roland L. Milliard
Pilgrim Place
140 Lakeview Ave.
Suite 5
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

04

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Amy Anagnos and The Estate of Theodore Anagnos, deceased

**(b)** County of Residence of First Listed Plaintiff **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Thomas Hultgren, Christopher Finneral, Officer John Doe, and the City of Lowell, Massachusetts
County of Residence of First Listed **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Roland L. Milliard
1470 Lakeview Avenue, #5
Dracut, MA 01826     (978) 957-6799

Attorneys (If Known)
Christine O'Connor, City Solicitor
375 Merrimack Street, Rm. 51
Lowell, MA 01852     (978) 970-4050

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI / ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. §§1983, 1988 and XIV Amendment
Plaintiff's decedent died as the result of a high speed police chase.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): Andrew Anagnos et al. v. Thomas Hultgren et al.
JUDGE
DOCKET NUMBER

DATE 7/27/04
SIGNATURE OF ATTORNEY

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Amy Anagnos et al. v. Thomas Hultgren et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __Andrew Anagnos et al. v. Thomas Hultgren et al.__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Roland L. Milliard__
ADDRESS __1470 Lakeview Avenue, Suite 5, Dracut, MA 01826__
TELEPHONE NO. __(978) 957-6799__

(Coversheetlocal.wpd - 10/17/02)