IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF MASSACHUSETTS

AMY ANAGNOS and THE ESTATE OF
THEODORE ANAGNOS,

       Plaintiffs,

v.                                             Case No: 04-11664-JLT

THOMAS HULTGREN, in his official
and personal capacities,
CHRISTOPHER FINNERAL, in his personal
and official capacities,
OFFICER JOHN DOE, in his personal
and official capacities, and
THE CITY OF LOWELL, MASSACHUSETTS,

       Defendants.

----------------------------------

| | |
|---|---|
| ROLAND L. MILLIARD | DANIEL S. SHARP, PC |
| Counsel for plaintiffs | Co-counsel for plaintiffs |
| 1470 Lakeview Avenue, Unit 5 | 48 Locust Street |
| Dracut, MA 01826 | Marblehead, MA 01945 |
| 978-957-6799 | 781-639-1862 |
| | |
| ATTORNEY KIMBERLY McMAHON | ATTORNEY THOMAS FREDA |
| City Solicitor | Attorney for Defendant-Officers |
| City Hall, Law Department | 43 Thorndike |
| 375 Merrimack Street, RM. 51 | Cambridge, MA 02141 |
| Lowell, MA 01852-5986 | 617-494-1188 |
| 978-970-4050 | |

PLAINTIFF'S MOTION TO CONTINUE
TRIAL AND FOR LEAVE TO
<u>COMPLETE ONE DEPOSITION</u>

      The plaintiff moves, with the assent (or non-opposition as disclosed below) to (1) continue the trial of this matter and (2) for leave to complete the deposition of a third-party witness.

In support thereof, plaintiff states:

AS TO THE CONTINUANCE

1. The trial of this case is currently scheduled for May 30, 2006. The trial is estimated to take two or three days.

2. Plaintiff's counsel, Dan Sharp, has been called to a "first out," "no continuances" trial in the Lynn District Court on May 31, 2006. (See, Exhibit 1.)

3. The Lynn District Court case involves a business which is being driven out of business by the actions of its residential neighbors. The business (represented by Sharp) needs immediate injunctive relief to stave off financial ruin.

4. The Lynn District Court case began with a request for a preliminary injunction. The trial court judge gave the parties a rapid trial date rather than granting the preliminary injunction.

5. The Lynn District Court case was scheduled for May 10, 2006. It was then changed to "first out" status for a date-certain of May 31, 2006.

6. The damages in the Lynn District Court case continue to mount, whereas the damages in the federal case do not.

7. Given these facts, and notwithstanding his respect for the federal court, plaintiff's counsel feels that his clients would be best served by trying the state case before the federal case.

8. Counsel for the Defendant-City does not object to the continuance.

9. Counsel for the Defendant-officers has assented to the continuance.

10. Counsel for the City notes that she has trials scheduled for June 7, 2006 and June 14, 2006. She has a vacation scheduled for the first full week of July and the last full week of July.

11. Counsel for the Defendant-officer has a trial scheduled in the Norfolk Superior Court on July 17, 2006.

12. Plaintiff's counsel (Sharp) has been planning a vacation for July of 2006 (although these plans are in some doubt due to his medical condition).

## LEAVE TO COMPLETE ONE DEPOSITION

13. The plaintiff also seeks leave to complete the deposition of a non-party witness to the events giving rise to the Complaint in this action.

14. This case involves a high-speed police pursuit.

15. A pedestrian was struck by an automobile and killed during the course of the pursuit.

16. Counsel for the plaintiff has learned that a third-party witness testified at a criminal trial that the unmarked police vehicle was "bumper-to-bumper" with the pursued vehicle that struck the pedestrian.

17. During March of 2006, the court granted the plaintiffs leave to take the witness's deposition within two weeks.

18. Plaintiff's counsel had spoken with the witness, who indicated she would attend the deposition. After leave was granted, the witness changed her mind and refused to attend.

19. Plaintiff's counsel has arranged for personal service upon the witness by a Sheriff to attend a deposition scheduled for April 20, 2006. All counsel are available to attend the

deposition and all counsel have agreed to do so. (Attorney Sharp has cardiac surgery on April 14th and may not be able to attend, but Attorney Milliard can take the deposition if necessary.)

20. It is crucial that the plaintiff preserve the witness's testimony for trial. She is of sufficient years that there is a legitimate concern that her testimony could be lost through illness or death. She may also be difficult to produce for trial.

21. All counsel have assented to the "deposition" portion of this motion.

## IN GENERAL

22. This motion is not brought for any dilatory purpose, nor is it brought for purposes of unnecessary delay. Counsel have been working cooperatively on the case.

23. No party will be prejudiced by granting this motion.

## RELIEF REQUESTED

WHEREFORE, the plaintiff requests that the court:

(1) Continue the trial with due regard for the schedules of counsel; and

(2) Grant leave to take the deposition of the third-party witness on April 20, 2006.


Respectfully Submitted,

/s/ Daniel S. Sharp
Daniel S. Sharp (BBO 565524)
Attorney for Plaintiff
196 Atlantic Avenue
Marblehead, MA  01945
781-639-1862

## CERTIFICATE OF SERVICE

The undersigned certifies that he/she caused a true copy of the document above to served by ECF upon on all counsel of record.

/s/ Daniel S. Sharp