IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF MASSACHUSETTS

AMY ANAGNOS and THE ESTATE OF
THEODORE ANAGNOS,

        Plaintiffs,

v.                                                                      Case No: 04-11664-JLT

THOMAS HULTGREN, in his official
and personal capacities,
CHRISTOPHER FINNERAL, in his personal
and official capacities,
OFFICER JOHN DOE, in his personal
and official capacities, and
THE CITY OF LOWELL, MASSACHUSETTS,

        Defendants.

---------------------------------

| | |
|---|---|
| ROLAND L. MILLIARD | DANIEL S. SHARP, PC |
| Counsel for plaintiffs | Co-counsel for plaintiffs |
| 1470 Lakeview Avenue, Unit 5 | 48 Locust Street |
| Dracut, MA  01826 | Marblehead, MA  01945 |
| 978-957-6799 | 781-639-1862 |
| | |
| ATTORNEY KIMBERLY McMAHON | ATTORNEY THOMAS FREDA |
| City Solicitor | Attorney for Defendant-Officers |
| City Hall, Law Department | 43 Thorndike |
| 375 Merrimack Street, RM. 51 | Cambridge, MA  02141 |
| Lowell, MA  01852-5986 | 617-494-1188 |
| 978-970-4050 | |

PLAINTIFF'S COUNTER-STATEMENT OF
UNDISPUTED FACTS
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1.    Denied as the allegation is not supported by the referenced record.  There is no mention of a CVS Pharmacy.   Plaintiff does not dispute that Defendant-Finneral was on duty.

2.    Agreed.

3. Agreed.

4. Agreed.

5. Denied. Office Finneral refused to answer the question whether he actually saw something being transferred from one person's hand to another's. (See, Exhibit 1; Finneral DT, pg. 27.) Contrary to one portion of his testimony, Officer Finneral testified he <u>believed</u> a transaction took place (Exhibit 1; pg. 27, lines 7 – 23), while refusing to state how that belief came about. As the defendant contradicts his own testimony on whether a transaction actually did occur, the allegation is **not** an undisputed fact.

6. Denied for the reasons stated above.

7. Agreed.

8. Agreed.

9. Agreed.

10. Denied because the entirety of the allegations are not supported by the cited authority for the statement.

11. Agreed that the vehicles pulled next to each other on Ashton Street, not in the parking lot.

12. Agreed.

13. Agreed.

14. Agreed.

15. Agreed.

16. Agreed.

17. Denied that the Mercedes was in a parking lot. It was actually in a looped driveway. The balance of the allegation is agreed.

18. Denied. (<u>See</u> # 27, below.) Finneral, himself, testified that the Mercedes was going 70 MPH on Willard Street. (Exhibit 1; Finneral DT, pg. 43.)

19. Agreed.

20. Agreed.

21. Agreed.

22. Agreed.

23. Denied. A jury could so infer. (<u>See</u>, Opposition Brief.)

24. Denied. A jury could so infer. (<u>See</u>, Opposition Brief.)

25. Agreed.

PLAINTIFF'S FURTHER STATEMENT
OF UNDISPUTED FACTS

26. A disinterested witness, Joyce Powers, testified under oath (Exhibit 2; pg. 5, line 7) at the criminal trial of <u>Commonwealth v. Thomas Zazzara</u>, Middlesex Superior Court No: 2002-1379-001-003.

27. Ms. Powers testified that Defendant-Finneral's car was driven "at least seventy miles per hour" in pursuit of Zazzara. (Exhibit 2; Trial Transcript, May 27, 2003, pg. 8.)

28. Ms. Powers testified that the Zazarra and Finneral vehicles were "bumper to bumper" and that they "just flew out and just kept going." (Exhibit 2; pg. 9.) By contrast, Defendant-Finneral testified that he was "two or three hundred feet behind [Zazarra]." (Exhibit 1; pg. 66.)

29. Ms. Powers testified that, "I stopped because I thought they were crazy." (Exhibit 2; pg. 9.)

30. Ms. Powers testified that the "second car" (which would have been Finneral's) "didn't stop at the stop sign." (Exhibit 2; pg. 13.)

31. Ms. Powers testified:

> No. The first one come out and the other one was bumper to bumper, like here comes one and her comes the other one, together…. And then the other one was on the bumper." (Exhibit 2; pg. 12.)

32. Defendant-Finneral never attempted to blow his horn to alert other drivers or pedestrians to the high-speed chase that was in progress. (Plaintiff's Exhibit 1; Finneral DT, pg. 48.)

33. The car Defendant-Finneral was driving had no flashing lights, no siren, no grill lights, and no police radio (Exhibit 1; pp. 44 – 45) and no strobe light (Id., pp. 48- 49 and 51 – 52.)

34. Unmarked cars with sirens and flashing grill lights were available to the officers on the day in question. (Exhibit 1; pg. 53.)

35. Defendant-Finneral was *not* conducting a drug surveillance on the day in question. (Exhibit 1; pg. 22.)

36. Defendant-Finneral did *not* stop for either of two stop signs. (Exhibit 1; pg. 63.)

37. Defendant-Finneral testified that he would expect to see pedestrians on the streets where the pursuit occurred. (Exhibit 1; pg. 66.)

38.     No drugs were found on Mr. Zazarra. (Exhibit 1; pg. 77.)

                                      Respectfully Submitted,

                                      /s/ Daniel S. Sharp\
                                      Daniel S. Sharp (BBO 565524)\
                                      Attorney for Plaintiff\
                                      196 Atlantic Avenue\
                                      Marblehead, MA  01945\
                                      781-639-1862

### CERTIFICATE OF SERVICE

The undersigned certifies that he/she caused a true copy of the document above to served by ECF upon on all counsel of record on April 28, 2006.

                                      /s/ Daniel S. Sharp