IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF MASSACHUSETTS

AMY ANAGNOS and THE ESTATE OF
THEODORE ANAGNOS,

        Plaintiffs,

v                                                                                   Case No: 04-11664-JLT

THOMAS HULTGREN, in his official
and personal capacities,
CHRISTOPHER FINNERAL, in his personal
and official capacities,
OFFICER JOHN DOE, in his personal
and official capacities, and
THE CITY OF LOWELL, MASSACHUSETTS,

        Defendants.

----------------------------------

| | |
|---|---|
| ROLAND L. MILLIARD | DANIEL S. SHARP, PC |
| Counsel for plaintiffs | Co-counsel for plaintiffs |
| 1470 Lakeview Avenue, Unit 5 | 48 Locust Street |
| Dracut, MA  01826 | Marblehead, MA  01945 |
| 978-957-6799 | 781-639-1862 |
| | |
| ATTORNEY KIMBERLY McMAHON | ATTORNEY THOMAS FREDA |
| City Solicitor | Attorney for Defendant-Officers |
| City Hall, Law Department | 43 Thorndike |
| 375 Merrimack Street, RM. 51 | Cambridge, MA  02141 |
| Lowell, MA  01852-5986 | 617-494-1188 |
| 978-970-4050 | |

PLAINTIFF'S MOTION FOR LEAVE TO
COMPLETE ONE DEPOSITION

      The plaintiff moves, with the assent of defense counsel, for leave to complete the

deposition of a third-party witness.

In support thereof, plaintiff states:

1. This case involves a high-speed police pursuit.

2. A pedestrian (Anagnos) was struck by an automobile and killed during the course of the pursuit.

3. Counsel for the plaintiff has learned that a third-party witness testified at a criminal trial that the unmarked police vehicle was "bumper-to-bumper" with the pursued vehicle that struck the pedestrian and that the cars reached 70 miles per hour, contrary to the defendant's deposition testimony.

4. During March of 2006, the court granted the plaintiffs leave to take the witness's deposition within two weeks.

5. Plaintiff's counsel had spoken with the witness, who indicated she would attend the deposition. After leave was granted, the witness changed her mind and refused to attend.

6. Plaintiff's counsel has arranged, with the agreement of all counsel, for a deposition of the third-party witness on May 18, 2006. All counsel are available to attend the deposition and all counsel have agreed to do so.

7. It is crucial that the plaintiff preserve the witness's testimony for trial. She is of sufficient years that there is a legitimate concern that her testimony could be lost through illness or death. She may also be difficult to produce for trial.

8. This motion is not brought for any dilatory purpose, nor is it brought for purposes of unnecessary delay. Counsel have been working cooperatively on the case.

9. No party will be prejudiced by granting this motion.

## RELIEF REQUESTED

WHEREFORE, the plaintiff requests that the court:

(1) Grant leave to take the deposition of the third-party witness.

Respectfully Submitted,

/s/ Daniel S. Sharp_____
Daniel S. Sharp (BBO 565524)
Attorney for Plaintiff
196 Atlantic Avenue
Marblehead, MA  01945
781-639-1862

## CERTIFICATE OF SERVICE

The undersigned certifies that he/she caused a true copy of the document above to served by ECF upon on all counsel of record on May 4, 2006.

/s/ Daniel S. Sharp_____

3