IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF MASSACHUSETTS

AMY ANAGNOS and THE ESTATE OF
THEODORE ANAGNOS,

      Plaintiffs,

v.                                                  Case No: 04-11664-JLT

THOMAS HULTGREN, in his official
and personal capacities,
CHRISTOPHER FINNERAL, in his personal
and official capacities,
OFFICER JOHN DOE, in his personal
and official capacities, and
THE CITY OF LOWELL, MASSACHUSETTS,

      Defendants.

----------------------------------

| | |
|---|---|
| ROLAND L. MILLIARD | DANIEL S. SHARP, PC |
| Counsel for plaintiffs | Co-counsel for plaintiffs |
| 1470 Lakeview Avenue, Unit 5 | 48 Locust Street |
| Dracut, MA  01826 | Marblehead, MA  01945 |
| 978-957-6799 | 781-639-1862 |
| | |
| ATTORNEY KIMBERLY McMAHON | ATTORNEY THOMAS FREDA |
| City Solicitor | Attorney for Defendant-Officers |
| City Hall, Law Department | 43 Thorndike |
| 375 Merrimack Street, RM. 51 | Cambridge, MA  02141 |
| Lowell, MA  01852-5986 | 617-494-1188 |
| 978-970-4050 | |

COUNEL'S AFFIDAVIT PURSUANT TO RULE 56(F)
RELATING TO PLAINTIFF'S OPPOSITION TO
<u>DEFENDANT-CITY'S MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff's counsel states the following:

1.      Daniel S. Sharp has been counsel for the plaintiff during the course of this case.

  2. Voluntary disclosures were required by the parties.

  3. To the best of counsel's and co-counsel's recollection, the Defendant-City never disclosed or provided copies of any statement made to the Lowell Police Department by Mr. Zazarra.

  4. Neither of the defendant-officers disclosed the existence of any statement made to the Lowell Police Department by Mr. Zazarra.

  5. If the court were to rule that Mr. Zazarra's statements to the police (as cited in the Plaintiff's opposition to the City's motion for summary judgment) are not admissible and therefore not useful for the summary judgment proceedings, then counsel would state that he has not had an opportunity to discover these statements and should be given an opportunity to do so.

  6. Any such lack of opportunity would be due to the City's failure to disclosed and not due to the misconduct of counsel.

  7. Zazarra's statement was clearly required to be disclosed.  Having not disclosed it, the City cannot rely upon it, nor can the City reasonably contest its use by the plaintiff.

        Respectfully Submitted,

        /s/ Daniel S. Sharp
        Daniel S. Sharp (BBO 565524)
        Attorney for Plaintiff
        196 Atlantic Avenue
        Marblehead, MA  01945
        781-639-1862

CERTIFICATE OF SERVICE

The undersigned certifies that he/she caused a true copy of the document above to served by ECF upon on all counsel of record on July 17, 2006.

/s/ Daniel S. Sharp