UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMY ANAGNOS and THE ESTATE OF THEODORE ANAGNOS, DECEASED, <br>     Plaintiffs <br><br> V. <br><br> THOMAS HULTGREN, in his official and personal capacities, CHRISTOPHER FINNERAL, in his personal and official capacities, OFFICER JOHN DOE, in his personal and official capacities, and THE CITY OF LOWELL, MASSACHUSETTS <br>     Defendants | C.A. NO. 04-11664-JLT |

### DEFENDANT CITY OF LOWELL'S MOTION PURSUANT TO FED.R.CIV.P. 60 FOR RELIEF BY WAY OF CLARIFICATION OF COURT'S MEMORANDUM AND ORDER OF AUGUST 23, 2006

Now comes the Defendant, City of Lowell ("City") and hereby moves this Court for clarification of the Memorandum and Order of this Court issued on August 23, 2006. (See Memorandum and Order attached hereto as Exhibit A.) In particular, said Memorandum and Order allowed summary judgment as to negligence claims against the City of Lowell, specifically finding that "the City of Lowell is not liable under Massachusetts General Laws Chapter 258, Section 10(j) because the officers' conduct during the police chase was not the original cause of Decedent's death."[1] (See Memorandum and Order pp. 8-9.) However, the Memorandum and Order also dismissed without prejudice, on the basis of a procedural irregularity, the c.258-based wrongful death claims of Amy Anagnos, as Amy Anagnos was not then the administrator or executor of decedent's estate. (See Memorandum and Order p. 10.)

---

[1] Under M.G.L. c.258 §10(j), a municipality cannot be held liable for "any claim based on an act or failure to prevent or diminish the harmful consequences of a condition or situation including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer"

Thereafter, on August 31, 2006, Amy Anagnos, as Administratrix of decedent's estate, commenced in state court a wrongful death claim against the City of Lowell, based upon alleged negligence under M.G.L. c.258. (See Complaint attached as Exhibit B.) The City of Lowell filed a Motion to Dismiss Plaintiff's wrongful death claim under M.G.L. c.258 on the basis of collateral estoppel as the issue of any negligent conduct within the meaning of M.G.L. c.258 had been fully adjudicated and decided in favor of the City in the federal court and such wrongful death claims predicated on negligence were precluded by the Memorandum and Order of August 23, 2006. (See City of Lowell's Memorandum of Law in Support of Defendant's Motion to Dismiss Pursuant to Mass.R.Civ.P. 12(b)(1) and 12(b)(6), (unaccompanied by exhibits referenced therein.) attached as Exhibit C.) In its Ruling dated February 9, 2007, the Massachusetts Superior Court denied without prejudice the City's Motion to Dismiss Plaintiff's wrongful death claim and expressed confusion as to the effect of this Court's Memorandum and Order of August 23, 2006 upon such wrongful death claims brought pursuant to the Massachusetts Tort Claims Act. (See Superior Court Ruling on Motion to Dismiss attached as Exhibit D.) The Superior Court further suggested that the City of Lowell seek clarification from this Court on the issue of whether this Court's decision granting summary judgment on statutorily-based negligence claims operates to bar a wrongful death claim brought pursuant to the same statute and arising from the identical factual allegations.

WHEREFORE, the Defendant City of Lowell respectfully seeks clarification of the Memorandum and Order of August 23, 2006 as to the specific issues referenced herein.

February 27, 2007                                CITY OF LOWELL, DEFENDANT

/s Maria Sheehy
Maria Sheehy, Assistant City Solicitor
BBO #560102
City of Lowell - Law Department
375 Merrimack Street, 3rd Fl.
Lowell MA 01852-5909
Tel: 978-970-4050
Fax: 978-453-1510

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document, was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on February 27, 2007.

/s Maria Sheehy
Maria Sheehy, Assistant City Solicitor