

Case 1:04-cv-11664-JLT    Document 72    Filed 02/27/2007    Page 1 of 12

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMY ANAGNOS and THE ESTATE<br>OF THEODORE ANAGNOS, DECEASED,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS HULTGREN, in his official and<br>personal capacities, CHRISTOPHER FINNERAL,<br>in his official and personal capacities,<br>OFFICER JOHN DOE, in his official and<br>personal capacities, and THE CITY OF LOWELL,<br>MASSACHUSETTS,<br><br>Defendants. | *<br>*<br>*<br>*<br>*   Civil Action No. 04-11664-JLT<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

August 23, 2006

TAURO, J.

Theodore Anagnos ("Decedent") was struck and killed by a fleeing motor vehicle during a police pursuit. Amy Anagnos and the Estate of Theodore Anagnos ("Plaintiffs") bring this suit against the City of Lowell and Christopher Finneral, a police officer in the City of Lowell, for negligence, wrongful death, and violation of decedent's civil rights. Defendants each move for summary judgment.[1] For the reasons set forth below, Defendant Christopher Finneral's Motion for Summary Judgment is ALLOWED, and Defendant City of Lowell's Motion for Summary Judgment is ALLOWED.

---

[1] All claims against Thomas Hultgren were voluntarily dismissed by Plaintiffs.

## Background

On July 31, 2001, Officer Finneral and his partner, Officer Hultgren, were engaged in an on-duty undercover surveillance relating to a narcotics robbery investigation.[2] After witnessing what the officers reasonably believed to be a sequence of narcotics transactions, the officers approached Thomas Zazzara, whom they believed to be involved in these transactions. Noticing the officers, Zazzara entered his car and left the scene. The officers followed in their unmarked vehicle, indicating repeatedly that Zazzara should stop and pull over. Zazzara did not pull over. The officers thus continued to pursue Zazzara at speeds in the range of 50 - 70 miles per hour through residential neighborhoods and other streets.[3] While being pursued, Zazzara failed to stop at a marked intersection and struck Theodore Anagnos. Theodore Anagnos died as a result of the collision.

Defendant Finneral moves for summary judgment with respect to Count V (violation of 42 U.S.C. § 1983), Count I (Wrongful Death under State Law), Count II (Conscious Pain and Suffering under State Law), and Count III (Negligence and Negligent Infliction of Emotional Distress Caused by Defendant-Officers under State Law). Defendant City of Lowell moves for summary judgment with respect to Counts I, II, III, IV (Negligent Hiring, Retention, and

---

[2] The following undisputed facts are drawn from Pls.'s Compl., Def. Christopher Finneral's Mem. in Supp. of Def. Christopher Finneral's Mot. for Summ. J., Def. City of Lowell's Mem. in Supp. of Def. City of Lowell's Mot. for Summ. J., Pls.'s Mem. of Law in Opp. to Def. Christopher Finneral's Mot. for Summ. J., Pls.'s Mem. of Law in Opp. to Def. City of Lowell's Mot. for Summ. J., and the evidentiary materials submitted in support.

[3] Plaintiffs and Defendants dispute whether the Officers' maximum speed was approximately 50 miles per hour, or approximately 70 miles per hour.

2

Training) and V (violation of 42 U.S.C. § 1983).

## Discussion

**A.   Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only if the record reveals that there is "no genuine issue as to any material fact and . . . the moving party [has demonstrated an] entitle[ment] to a judgment as a matter of law."[4] Pursuant to this standard, the "party seeking summary judgment [must] make a preliminary showing that no genuine issue of material fact exists. Once the movant has made this showing, the nonmovant must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue."[5] In deciding whether to allow a motion for summary judgment, a court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor."[6] A court, however, need not afford any weight to "conclusory allegations, improbable inferences, and unsupported speculation."[7]

**B.   Defendant Christopher Finneral's Motion for Summary Judgment**

   **1.   Count V: Violation of the Fourteenth Amendment under § 1983**

---

[4] Fed. R. Civ. P. 56(c). "In the lexicon of Rule 56, 'genuine' connotes that the evidence on the point is such that a reasonable jury, drawing favorable inferences, could resolve the fact in the manner urged by the nonmoving party, and 'material' connotes that a contested fact has the potential to alter the outcome of the suit under the governing law if the controversy over it is resolved satisfactorily to the nonmovant." Blackie v. Maine, 75 F.3d 716, 721 (1st Cir. 1996).

[5] Id. (quoting Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995).

[6] Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

[7] Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

3

Plaintiffs allege in Count V of their complaint that Defendant Finneral violated the Decedent's civil rights based upon Finneral's involvement in the high-speed police chase of a fleeing suspect, which resulted in Decedent's death. Defendant argues, however, that Plaintiffs have offered no evidence that Officer Finneral intended to either kill, injure, or worsen the legal plight of Thomas Zazzara (the fleeing suspect), or any other person, including Decedent. Plaintiffs, therefore, cannot prove the necessary elements for liability to attach under 42 U.S.C. §1983.

The substantive component of the Due Process Clause "is violated by executive action only when it 'can be properly characterized as arbitrary, or conscience shocking, in a constitutional sense.'"[8] The United States Supreme Court in County of Sacramento v. Lewis,[9] held that in the context of a high-speed automobile chase aimed at apprehending a suspected officer, only a purpose to cause harm unrelated to the legitimate object of the arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation.[10] The Court reasoned that police officers are often faced with situations that call for fast action, and are confronted with obligations that "tend to tug against each other."[11] "They are supposed to act decisively and to show restraint at the same moment, and their decisions have to

---

[8] County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998) (quoting Collins v. Harker Heights, 503 U.S. 115, 128 (1992)).

[9] Id.

[10] Id. at 836.

[11] Id. at 853.

4

be made 'in haste, under pressure, and frequently without the luxury of a second chance.'"[12] Because unforseen circumstances often require police officers to make instant judgments, "even precipitate recklessness fails to inch close enough to harmful purpose" necessary to shock the conscience.[13] The Court thus held that "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by action under § 1983."[14]

Plaintiffs argue that the "intent to harm" requirement is not a rigid holding, and that the Supreme Court in Chavez v. Martinez[15] relaxed the Lewis holding, stating that substantive due process is merely "most likely" violated where injury is intended. Plaintiffs' argument is mistaken.[16] This statement from the Court in Chavez is actually a direct quote from the Lewis case, and is found in dicta which the Lewis Court uses to support its holding. That discussion included a compilation of pre-Lewis cases which often, but not always, required an intent to harm in order to find a due process violation. This entire discussion, however, was merely a build-up to the eventual Lewis Court holding, which decided affirmatively that the police officer must possess an intent to harm or worsen the legal plight of the suspects in order for liability to attach. This holding still stands today.

In order for Plaintiffs to recover against Officer Finneral under § 1983, therefore, they

---

[12] Id. (citing Whitley v. Albers, 475 U.S. 312, 320 (1986)).

[13] Id. at 853.

[14] Id. at 854.

[15] 538 U.S. 760 (2003).

[16] Id. at 775.

5

must produce some evidence that Finneral intended to harm or worsen the legal plight of Zazzara or someone else. There is simply nothing on the record, however, remotely suggesting that Officer Finneral possessed this intent. Plaintiffs argue that because drugs were not found in Zazzara's car, a jury could properly infer that Finneral must have had an intent to harm the suspect, since otherwise he would not have engaged in the high speed chase. The fact that no narcotics were found in Zazzara's car has no bearing on Finneral's intent, as it does not negate the possibility that Zazzara was conducting a narcotics transaction, or more importantly, that the officers had reason to believe that he was so involved. Taken to its logical extreme, Plaintiffs argument would imply an improper motive to harm a suspect any time a police officer's search for contraband was unfruitful.

The facts presented, moreover, do not independently evidence conduct which "shocks the conscience" necessary for a due process violation. Courts confronted with conduct more egregious than that presented in the instant case have found such conduct not to shock the conscience. In the Lewis case, for example, the police chase lasted 75 seconds, through a residential neighborhood at speeds of up to 100 miles per hour resulting in the death of a motorcycle passenger.[17] Despite these facts, the Supreme Court held that the officer's actions did not shock the conscience.[18] Similarly, in Evans v. Avery,[19] the First Circuit Court of Appeals was presented with a police chase where the vehicles' speeds circled 50 miles per hour in a densely

---

[17] Lewis, 523 U.S. at 836-37.

[18] Id.

[19] 100 F.3d 1033 (1st Cir. 1998).

6

populated area.[20] The court held that such conduct did not to shock the conscience.[21]

Although Plaintiffs attempt to distinguish the facts of this case from those presented in Lewis and Evans, none of these differences are material enough to shock the conscience under the established legal rubric. For example, whether Finneral was traveling at a speed of 50 or 70 miles per hour, while in dispute, does not materially affect the inquiry, as police chases at significantly higher speeds were found not to shock the conscience. Even viewing the facts in the light most favorable to the Plaintiffs, Finneral's actions simply do not shock the conscience under the standards set forth by Lewis and its progeny. Defendant Finneral's Motion for Summary Judgment on Count V, therefore, is ALLOWED.

### 2. Counts I, II, and III: Wrongful Death, Conscious Pain and Suffering, and Negligence

Because Plaintiffs concede that their negligence and wrongful death claims are not properly brought against Officer Finneral, Defendant Finneral's Motion for Summary Judgment on Counts I, II, and III is ALLOWED.

### C. Defendant City of Lowell's Motion for Summary Judgment

#### 1. Count V: Violation of the Fourteenth Amendment under § 1983

Having decided that Plaintiffs are not entitled to relief under 42 U.S.C. § 1983 from

---

[20] Id. at 1035.

[21] The court further adopted the rule that "police officers' deliberate indifference to a victim's rights, standing alone, is not a sufficient predicate for a substantive due process claim." Id. at 1038. In another case, the Fourth circuit held that a high speed chase, where the police officer pursued an individual suspected of stealing $17 worth of gasoline at speeds up to 105 miles per hour on a narrow, two-lane highway, with the result that both the police cruiser and the pursued vehicle struck the plaintiff, while "disturbing and lacking in judgment," did not shock the conscience. Temkin v. Frederick County Comm'rs, 945 F.2d 716 (4th Cir. 1991).

7

Officer Finneral, this court finds that Plaintiffs cannot recover from the City of Lowell ("the City") under § 1983.[22] Defendant City of Lowell's Motion for Summary Judgment on Count V, accordingly, is ALLOWED.

### 2. Count IV: Negligent Hiring, Retention, and Training

Plaintiffs have withdrawn their claims for negligent hiring and have voluntarily chosen not to pursue their claims for negligent retention and training. Defendant City of Lowell's Motion for Summary Judgment on Count IV, therefore, is ALLOWED.

### 3. Count III: Negligence and Negligent Infliction of Emotional Distress

#### a. Negligence

A municipality cannot be held liable for "any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer."[23] "Original cause" has been construed to mean "an affirmative act (not a failure to act) by a public employer that creates the 'condition or situation' that results in harm inflicted by a third party."[24]

This court finds that the City of Lowell is not liable under Massachusetts General Laws, Chapter 258, Section 10(j) because the officers' conduct during the police chase was not the

---

[22] See Evans, 100 F.3d at 1040 (holding that a city could not be liable in a civil rights action based on a car accident absent a constitutional violation by the involved officers).

[23] Mass. Gen. Laws ch. 258, § 10(j).

[24] Kent v. Commonwealth of Massachusetts, 771 N.E.2d 770, 775 (Mass. 2002) (citing Brum v. Town of Dartmouth, 704 N.E.2d 1147, 1155 (Mass. 1999)).

8

original cause of Decedent's death. The Decedent was struck and killed by a third-party, Thomas Zazzara, who was fleeing the pursuit of law enforcement officials and disobeying traffic laws. Officers Finneral and Hultgren had reason to believe that Zazzara had, just moments prior, been involved in a narcotics transaction, and thus were lawfully pursuing him. Zazzara's flagrant disobedience of the officers' commands and subsequent flight gave rise to the high-speed chase, during which Zazzara, driving irresponsibly, struck and killed Decedent. Zazzara's actions, therefore, were the original cause of the accident.[25] Having found that the officers were not the original cause of Decedent's death, this court finds that the City is immune from liability under Massachusetts law.

  b.  Negligent Infliction of Emotional Distress

Defendant City of Lowell next attacks Plaintiff Amy Anagnos' claim for negligent infliction of emotional distress. In a claim for negligent infliction of emotional distress, a plaintiff must demonstrate: (1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances.[26] Because Plaintiff has proffered no evidence of physical harm, her claim fails, and this court need not address the other elements of this cause of

---

[25] Plaintiffs, in their Opposition to the City's Motion, cite, at length, Ward v. City of Boston, 367 F. Supp. 2d. 7 (D. Mass. 2005), in support of their argument that the Officers' conduct was the "original cause" of Decedent's death. In Ward, however, the officers initiated the high speed chase without reason, continued the chase through crowded streets despite several orders to call off the pursuit, and despite the fleeing suspect's extremely reckless driving, which culminated in his driving against traffic on an interstate highway. The conduct of the police officers in Ward is quite distinguishable from the conduct of Officers Finneral and Hultgren.

[26] Taylor v. Swartwout, 2006 WL 2355993, at *6 (D. Mass. July 24, 2006) (citing Conley v. Romeri, 806 N.E.2d 933, 935 (Mass. App. Ct. 2004)).

9

action. Defendant City of Lowell's Motion for Summary Judgment on Count III is ALLOWED.

### 4. Count II: Conscious Pain and Suffering

Plaintiff has proffered insufficient evidence that the Decedent consciously suffered, or that Defendants did not immediately call for medical assistance. Defendant's Motion for Summary Judgment on Count II is therefore ALLOWED.

### 5. Count I: Wrongful Death

Actions for wrongful death against a municipality must be brought by the executor or administrator of the decedent.[27] Plaintiff Amy Anagnos is named in the complaint as an individual. Because of this procedural deficiency, this claim is DISMISSED WITHOUT PREJUDICE to refiling this claim with the appropriate plaintiff in the appropriate court. Defendant City of Lowell's Motion for Summary Judgment on Count I, therefore, is DENIED as MOOT.

### Conclusion

For the foregoing reasons, Defendant Christopher Finneral's Motion for Summary Judgment is ALLOWED, and Defendant City of Lowell's Motion for Summary Judgment is ALLOWED with respect to Counts II, III, IV, and V, and DENIED as MOOT with respect to Count I. This action is dismissed in its entirety.

AN ORDER WILL ISSUE.

/s/ Joseph L. Tauro
United States District Judge

---

[27] Hallett v. Wrentham, 499 N.E.2d 1189, 1192 (Mass. 1986).

11