IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF MASSACHUSETTS

| | |
|---|---|
| AMY ANAGNOS and THE ESTATE ) <br> OF THEODORE ANAGNOS, DECEASED, ) <br>    Plaintiffs ) <br> ) <br> v. ) <br> ) <br> THOMAS HULTGREN, in his official and ) <br> Personal capacities, CHRISTOPHER FINNERAL, ) <br> In his personal and official capacities, OFFICER ) <br> JOHN DOE, in his personal and official capacities, ) <br> And THE CITY OF LOWELL, MASSACHUSETTS) <br>    Defendants ) | C.A. No. 04-11664-JLT |

AND

| | |
|---|---|
| ANDREW ANAGNOS and ) <br> IRENE ANAGNOS-HATGIS, ) <br>    Plaintiffs ) <br> ) <br> v. ) <br> ) <br> THOMAS HULTGREN, in his official and ) <br> Personal capacities, CHRISTOPHER FINNERAL, ) <br> In his personal and official capacities, OFFICER ) <br> JOHN DOE, in his personal and official capacities, ) <br> And THE CITY OF LOWELL, ) <br>    Defendants ) | C.A. No. 04-11665-WGY |

## PLAINTIFF'S OPPOSITION TO DEFENDANT CITY OF LOWELL'S MOTION FOR CLARIFICATION

Now comes the Plaintiff and hereby moves this honorable court to deny the Defendant City of Lowell's Motion to clarify the <u>Memorandum and Order</u> issued by said court on August 25, 2006.

The Defendant is, in effect, requesting this court to give an advisory opinion along the lines of "had this particular Plaintiff been in front of the court with these facts, how would the court have ruled." It is well established that federal courts do not give advisory opinions but

rather rule on matters of actual controversy. The count in question was dismissed without prejudice as the court found there was no proper Plaintiff before it. The Defendant can not now come to court and, under the guise of asking for clarification, seek an advisory opinion that may foreclose the rights of a Plaintiff the court has already ruled was not properly before the bar.

    Contrary to the assertions of the Defendant, the Superior Court judge did not express confusion as to the effect of the ruling of this honorable court. The Superior Court judge wrote "The judge can not assume that the federal court anticipated a refiling . . .". An unwillingness to make an assumption is not confusion. The Superior Court judge indicated that the Defendant was free to seek clarification and refile its Motion for Summary Judgment, refile a new Motion for Summary Judgment along the lines of the one heard in federal court, or a combination of both. There is no confusion on the judge's part and without a "clarification", the Defendant is still left with a remedy. It may file, <u>de novo</u>, a Motion for Summary Judgment in Superior Court.

    The Plaintiff could have appealed the ruling of this court or filed suit in State Superior Court. The Defendant had the same opportunity to appeal. It chose not to elect that right. The Plaintiff chose to file in State Superior Court. To now issue a "clarification" is manifestly unfair. For instance, the Plaintiff could have appealed the honorable court's findings that Officer Finneral did not intend to harm or worsen the plight of the suspect or anyone else. (Ruling p.6). The court then bases its ruling on <u>Lewis</u>. (<u>County of Sacramento v. Lewis</u>, 523 U.S. 833 (1988). It is respectfully suggested that the instant case may be distinguished and appealed based on the fact that in <u>Lewis</u>, it was the dangerous and high speed of the motorcycle that attracted the police officer's attention in the first place while in the case at bar the high speed chase was caused by the police over an erroneous assumption of a drug deal in progress. The proximity of the vehicles during the chase, as testified to by the independent civilian witness at her deposition,

would make Officer Finneral's conduct a matter of fact for a jury and not a matter of law to be disposed of by summary judgment.  Plaintiff respectfully submits that the honorable court's ruling, on page 4, that it offered no evidence that Officer Finneral intended to kill, injure, or worsen the legal plight of the fleeing suspect or any other person was also appealable.  Again, the proximity of the vehicles during the chase, as testified to by the independent civilian witness at her deposition, would make Officer Finneral's conduct a matter of fact for a jury and not a matter of law to be disposed of by summary judgment.  There are other matters contained in the ruling that Plaintiff felt were grounds for appeal.  However, the aspects of the ruling that Plaintiff feels were appealable are beyond the scope of this memorandum.  Plaintiff only presents them to bolster the claim that an appeal was a legitimate course of action and not simple posturing.  Faced with its options, Plaintiff forewent an appeal and decided instead to file a new, truncated action in State Superior Court.

It would be manifestly unfair for the Plaintiff to be subjected to a ruling "clarifying" a judgment in a matter which the Plaintiff has already been determined not to be before the court.  This would be tantamount to offering an advisory opinion.  It would also be a gross miscarriage of justice for Plaintiff to have waived appellate rights and gone forward with a state action based on a ruling that is subsequently altered or amended.  This would, in effect, end Plaintiff's case.  Defendant, meanwhile, is not prejudiced by the denial of its Motion as it can still proceed with a <u>de novo</u> Motion for Summary Judgment in State Superior Court.

/s Roland L. Milliard_____
Roland L. Milliard, Esq.
BBO # 559361
1470 Lakeview Avenue
Suite 5
Dracut, MA 01826
(978) 957-6799

## CERTIFICATE OF SERVICE

I, Roland L. Milliard, Esq., hereby certify that a true copy of the foregoing document was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on March 13, 2007.

/s Roland L. Milliard
Roland L. Milliard, Esq.